**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID FIERRO, | No. 14-56356 |
| Petitioner-Appellant, | D.C. No. 2:94-cv-03198-GHK-AJW |
| v. | |
| CLARK E. DUCART, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
George H. King, District Judge, Presiding

Argued and Submitted August 31, 2017
Pasadena, California

Before: W. FLETCHER and IKUTA, Circuit Judges, and BARKER,** District
Judge.

David Fierro appeals the district court's denial of his petition for a writ of

habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C.

§ 1291 and review the district court's ruling de novo. *Deere v. Cullen*, 718 F.3d

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Sarah Evans Barker, United States District Judge for
the Southern District of Indiana, sitting by designation.

1124, 1144 (9th Cir. 2013). Because Fierro filed his petition before the effective date of the Antiterrorism and Effective Death Penalty Act, "we grant habeas relief if [Fierro] proves by a preponderance of the evidence that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Id.* (quoting 28 U.S.C. § 2254(a) (1996)).

The district court did not err by denying relief on Fierro's first certified claim that he was incompetent to stand trial, because the evidence meriting the most weight indicated he met the competency standard. All contemporaneous medical evaluations opined that Fierro was able to understand the nature and purpose of the proceedings against him and could cooperate in a rational manner with counsel in presenting a defense. *See Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam); *Deere*, 718 F.3d at 1145. There is no evidence in the record that any of Fierro's three defense attorneys or the state trial judge who observed and interacted with Fierro questioned his competency to stand trial. *See Deere*, 718 F.3d at 1145–46; *Williams v. Woodford*, 384 F.3d 567, 608 (9th Cir. 2004). Moreover, transcripts of Fierro's interactions with the state trial judge and his penalty phase testimony disclose that Fierro "actually understood what was going on" and "accurately answered open-ended questions." *Deere*, 718 F.3d at 1146. The various concerns that Fierro expressed to the trial judge were "logical."

*Id.* The district court did not err by giving less weight to expert opinions proffered after trial. *See id.* at 1446–47. There is no evidence that Fierro was rendered incompetent by the use of Xanax during the trial; rather, the evidence shows that his dosage of Xanax was "reduced" during guilt phase proceedings. Moreover, although there is some evidence that Fierro had access to heroin while in prison, the record does not indicate that Fierro was under the influence of illicit drugs during trial.

The district court also properly denied relief on Fierro's certified claim that his trial counsel was ineffective for failing to investigate his competency to stand trial. Trial counsel was not deficient; he retained a medical expert to assess Fierro's competency, and was entitled to rely on that properly selected expert's opinion. *See Hendricks v. Calderon*, 70 F.3d 1032, 1038–39 (9th Cir. 1995); *Harris v. Vasquez*, 949 F.2d 1497, 1525 (9th Cir. 1990). We may not impute the expert's deficiency, if any, to trial counsel. *Earp v. Cullen*, 623 F.3d 1065, 1077 (9th Cir. 2010). Moreover, Fierro cannot show that any error by trial counsel was prejudicial "[b]ecause the evidence indicates that [Fierro] was competent to stand trial." *Boyde v. Brown*, 404 F.3d 1159, 1167 (9th Cir. 2005).

Nor did the district court err by denying relief on Fierro's certified claim that trial counsel was ineffective for failure to investigate and present a mental state

3

defense. In reliance on then-existing state law, *People v. Frierson*, 39 Cal. 3d 803, 815–18 (1985), trial counsel presented Fierro's preferred defense that Fierro had not been involved in the alleged criminal activity, and trial counsel performed reasonably by repeatedly challenging the credibility of the state's eye witnesses. Upon selecting this defense strategy, "largely on the basis of [Fierro's] own representations," trial counsel's "duty to investigate the directly conflicting [mental state] defense was at an end." *Bean v. Calderon*, 163 F.3d 1073, 1082 (9th Cir. 1998). Given the state's evidence, the contemporaneous hostility towards mental state defenses, *see Mickey v. Ayers*, 606 F.3d 1223, 1239 (9th Cir. 2010), and the jury's special verdict finding that Fierro "shot and killed" the victim, there is no "reasonable probability that . . . the result of the proceeding would have been different" had trial counsel raised a mental state defense. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

We have reviewed the uncertified claims that Fierro raised in his opening brief, which we construe as a motion to expand the certificate of appealability. Ninth Cir. R. 22-1(e). Because no reasonable jurist could disagree with the district court's resolution of the constitutional claims, nor conclude that "the issues presented are adequate to deserve encouragement to proceed further," we deny the

4

motion. *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).

**AFFIRMED.**